UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

THOMAS SENTEMENTES,                      :
      Plaintiff,                               :
                                          :
v.                                       :            3:20cv580 (MPS)
                                          :
TOWN OF BETHEL, et al.,                   :
      Defendants.                              :

## INITIAL REVIEW ORDER OF AMENDED COMPLAINT

On April 27, 2020, the plaintiff, Thomas Sentementes, who was then an unsentenced[1]

inmate housed in the Bridgeport Correctional Center ("BCC") of the Connecticut Department of

Correction ("DOC"), filed this action under 42 U.S.C § 1983, alleging violations of his federal

constitutional and statutory rights and several claims under state law. Compl., ECF No. 1. In his

original complaint, he named the Town of Bethel; Governor Ned Lamont; Public Defender

Thomas Leaf; BCC Warden Robert Martin; Bethel First Selectman John Doe; Pasqualina

Bastone; Bethel Police Chief John Doe, Police Corporal Zor, Police Sergeant Rost, Police

Officer Emerson, Police Officer Jason Broad, Bethel Police Officer James Christos, Bethel

Police Sergeant Christos, Bethel Police Officer Dan Spinella; Danbury Hospital Director John

Doe; Dispatcher Katie Kavallines; Liberty Mutual David Long; Daniel Sentementes; Bank of

America CEO John Doe; and the Town of Danbury, Danbury Mayor Boughton, Danbury Police

Chief John Doe, and Detective Labonia ("Danbury Defendants").[2] *See* ECF Nos. 1, 12.

---

[1]  The DOC website reflects that he was sentenced on November 25, 2020 for criminal violation of a protective order. *See Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (The court may "take judicial notice of relevant matters of public record."). http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=250887

[2]  Sentementes is proceeding *in forma pauperis*.

1

In an initial review order, the court dismissed the complaint. Initial Review Order, ECF No. 18. The court's order provided thorough discussion of its reasons for concluding that Sentementes's section 1983 claims against the private citizen defendants, Public Defender Leaf, the Town of Bethel, the Danbury Defendants and his claims under the Fourth Amendment for false arrest, false imprisonment and malicious prosecution, Clayton Antitrust Act, and Civil RICO should not proceed. *Id.* at 8-18, 20-26. The court also explained that any claims seeking relief for violations of the Fourteenth Amendment against Bridgeport Correctional Center ("BCC") Warden Martin were severed from this action and dismissed without prejudice. *Id.* at 18-20, 26. The court declined to exercise jurisdiction over Sentementes's state law claims and dismissed these claims without prejudice. *Id.* at 27.

The court afforded Sentementes one opportunity to amend his complaint, within 30 days of the order, if he could allege facts to correct the deficiencies identified in the Initial Review Order. *Id.* at 26.

On October 27, 2020, Sentementes filed an amended complaint against the State of Connecticut, Ned Lamont, BCC Warden Martin, Public Defender Leaf, Bethel First Selectman Knickerbocker, Bethel Chief of Police Jeffery Finch, Bethel Police Sergeant Rost, Bethel Police Coporal Zor, Bethel Police Officer Emerson, President of the Danbury Hospital Doe, Bank of America CEO Brian Monihan, Liberty Mutual CEO David Long, Pasqualina Bastone, Daniel Sentementes, Danbury Police Detective LaBonia, Bethel Building Inspector John Doe 1 and 2, and Bethel Sign Department Jane Doe.[3] Am. Compl., ECF No 19. He asserts the following

---

[3]  As an initial matter, Sentementes cannot state a claim under section 1983 against the State of Connecticut. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (state and state agencies not persons within meaning of 42 U.S.C. § 1983).

seven counts: (1) Violation of Rights; (2) Conspiracy under 42 U.S.C. § 1985; (3) Negligence under 42 U.S.C. § 1986; (4) Civil RICO; (5) Sherman Anti-Trust Act; (6) Breach of Fiduciary Duties; and (7) Intentional Infliction of Emotional Distress. He seeks damages.

The Court has reviewed the amended complaint under 28 U.S.C. § 1915A and does not herein repeat either the legal standard for conducting such review, nor the allegations set forth in the amended complaint except as necessary to address any newly asserted claims as appropriate. The court also incorporates herein its discussion from the original initial review order of the relevant legal standards and of the exhibits attached to the original complaint. Upon review, the court concludes that Sentementes's amended complaint must be dismissed.

### A.    Bethel Building Inspector John Doe 1 and 2, and Bethel Sign Department Jane Doe

Sentementes has listed three anonymous defendants—Bethel Building Inspector John Does 1 and 2, and Bethel Sign Department Jane Doe—in the case caption. As to the Building Inspector Defendants, he alleges that he was working to repair an exterior wall on the liquor store that had a leak and was damaging the merchandise; that Building Inspector Doe 1 talked to him and agreed he had the right to protect the property; that Building Inspector 2 harassed and intimidated him with Officer Emerson, who arrived on the scene and "[gave] Sentementes serious difficulty about fixing the wall[;]" and that later after the Town of Bethel rejected Sentementes's proposal for rebuilding the wall and Sentementes wanted to review the ruling, Officer Emerson was called to the scene. ECF No. 19 at 6-7. Sentementes alleges further that the Town of Bethel proceeded to take an interest in anything he did, sent harassing letters "involving employees," and contacted landlords, causing "dissent" about Sentementes. *Id.* The court can

discern no plausible constitutional violation from Sementes's conclusory and vague allegations about the Building Inspectors' conduct or the actions taken by the Town of Bethel. It is not clear what Sementes means by harassment and intimidation or what occurred after his proposal was rejected that required the presence of Officer Emerson. In addition, Sementes has not raised a constitutional violation by alleging that the Town of Bethel rejected his proposal or by vaguely referencing letters from the Town of Bethel about employee or landlord issues under 42 U.S.C. § 1983.[4] Furthermore, Sementes has not alleged any conduct by "Bethel Sign Department Jane Doe." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'"). Accordingly, Sementes has failed to allege any plausible section 1983 claims against Bethel Building Inspector John Doe 1 and 2, and Bethel Sign Department Jane Doe.[5]

### B. Civil RICO and Sherman Antitrust Act

The court concludes that Sementes has not corrected the deficiencies identified in his prior complaint for his civil RICO claim. He alleges only conclusory allegations that the defendants "for the conspiracy and co-conspiracy acted in conjunction to help destroy [his] business and or create such havoc on the business to cause him financial disaster to give such distress and turmo[i]l that [he] would give up his rights and either move his business or sell it." ECF No. 19 at 12. He alleges that defendants accomplished this by keeping him incarcerated. *Id.*

---

[4]  Moreover, the Town of Bethel is not a named defendant in the amended complaint. Rule 10(a) of the Federal Rules of Civil Procedure requires that all defendants be listed in the case caption. *See* Fed. R. Civ. P 10(a) ("title of the complaint must name all the parties").

[5]  Nor do these vague references to harassment and intimidation raise an inference of a plausible constitutional violation by Officer Emerson.

Such vague, conclusory, and speculative allegations are insufficient to meet the pleading standards for any of the elements of a civil RICO claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Hirsch v. City of New York,* 300 F. Supp. 3d 501, 516 (S.D.N.Y.), aff'd sub nom. *Hirsch v. New York*, 751 F. App'x 111 (2d Cir. 2018) (summary order).

Likewise, Sentementes has not stated a claim under the Sherman Antitrust Act based on the defendants' alleged acts to destroy his business and "right to do business in the Town of Bethel without interference and being incarcerated."[6] ECF No. 19 at 13. "[A] Sherman Act claim must (1) define the relevant geographic market, (2) allege an antitrust injury, and (3) allege conduct in violation of antitrust laws." *Concord Assocs., L.P. v. Entm't Properties Tr.*, 817 F.3d 46, 52 (2d Cir. 2016) (internal quotations omitted). As previously discussed in the prior initial review, Sentementes must establish antitrust standing to bring a cause of action for a violation of the antitrust laws. See ECF No. 18 at 23. Under the standards set forth in the initial review order, Sentementes's allegations are not sufficient to establish the type of injury that the antitrust laws are "intended to prevent and that flows from that which makes the defendant's acts unlawful." *Id.* (citing *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977)).

Because Sentementes has not corrected the deficiencies in his claims as identified by this court, these claims must be dismissed as not plausible.

### C.  Lack of Personal Involvement By Lamont, Knickerbocker, and Finch

---

[6]  The court construes this claim as being brought under the Clayton Act, 15 U.S.C. § 15(a), which confers a private right of action under the Sherman Antitrust Act.

The amended complaint fails state any plausible section 1983 claims against Ned Lamont, the Bethel First Selectman (now identified as Knickerbocker), and Bethel Chief of Police Jeffery Finch because Sentementes has not alleged that these defendants had any personal involvement in a constitutional violation under section 1983.

### D.   Danbury Defendants

Sentementes has not stated any plausible civil rights claim against the Danbury Defendants based on a failure to investigate his claims against Bank of America as explained in the prior initial review order.

### C.   Bethel Officer Emerson, Corporal Zor, and Sergeant Rost

Sentementes's amended allegations do not state any plausible "violation of rights" against Bethel Officer Emerson, Corporal Zor, and Sergeant Rost (the court construes his allegations as asserting Fourth Amendment violations of false arrest, false imprisonment, and malicious prosecution)[7] because his amended allegations do not suggest that any defendants acted unreasonably or without probable cause.[8]

### D.   Private Citizen Defendants, Public Defender Leaf and Conspiracy Claims

As the initial review explained, Sentementes cannot bring a section 1983 claim against the private citizen defendants or Public Defender Leaf unless they conspired with state actors.

---

[7] Although Sentementes refers to "police harassment and intimidation," these vague allegations do not suggest a plausible Fourth Amendment claim based on excessive force.

[8] Sentementes's amended allegations provide facts about his encounters with Officer Emerson, and he alleges that Emerson arrested him for assault on a police officer and provided inaccurate testimony about how many times he had arrested plaintiff. ECF No 19 at 7-8. His allegations indicate that Corporal Zor arrived at the liquor store after the 911 call from Bastone on January 28, 2019; questioned him; and "followed him behind the counter when [Sentementes] removed a bottle of Jack Daniels and opened it[.]" *Id.* at 7. The amended allegations do not appear to describe any conduct by Sergeant Rost.

ECF No. 18 at 8-11. Upon review, the court concludes that he has not plausibly alleged the elements of a conspiracy to bring his claims against the private citizen defendants or Public Defender Leaf under federal civil rights statutes, 42 U.S.C. §§ 1985 and 1986.

Sentementes asserts under section 1985 that the Bethel Town Officials "did all they could" to destroy his business and Bastone conspired with the Bethel Police when she made her alleged false accusations against him and had him falsely incarcerated. ECF No. 19 at 11. He alleges also that Detective Labonia conspired with CEOs Monihan and Long, Danbury Hospital President Doe, and Daniel Sentementes to "keep [Sentementes] incarcerated" although they were aware of he was falsely accused. *Id.* He asserts a claim under section 1986, alleging that defendant co-conspirators, who contacted each other through mail or other means, were notified of the conspiracy goals of "incarcerating or helping or influencing [Sentementes's] incarceration[,]" but took no action to stop or prevent Sentementes's allegedly false incarceration. *Id.* at 12.

Section 1985 has three subsections. Section 1985(1) prohibits conspiracies to prevent federal officials from performing their duties and section 1985(2) prohibits conspiracies intending to deter witnesses from participating in state or federal judicial proceedings. Sentementes asserts no facts implicating either of these subsections of section 1985. To state a claim under section 1985(3), a plaintiff must allege that: (1) the defendants were part of a conspiracy; (2) the purpose of the conspiracy was to deprive a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) one or more of the defendants engaged in an overt act taken in furtherance of the conspiracy; and (4) as a result of the conspiracy he or she suffered a physical injury or an injury to his or her property,

or a deprivation of a right or privilege. *See Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). Furthermore, a plaintiff must demonstrate that the conspiracy was motivated by a "racial, or perhaps otherwise class-based invidiously discriminatory animus." *Id.* at 102. Section 1985(3) may not be construed as a "general federal tort law." *Id.* To state a viable conspiracy claim, a plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2013) (internal quotation marks and citations omitted). The amended complaint contains no allegations indicating a factual basis supporting a meeting of the minds or even a plausible inference that defendants conspired to violate Sentementes's constitutional rights. *See Storck v. Suffolk Cnty. Dep't of Soc. Servs.,* 62 F. Supp. 2d 927, 940 (E.D.N.Y.1999) (Allegations of conspiracy can be neither vague nor conclusory, but must "allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the alleged conspiracy."); *Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002). ("[C]onclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights" are insufficient.). Thus, Sentementes has not stated a plausible section 1985 claim.

Section 1986 provides a cause of action against anyone who "having knowledge that any of the wrongs conspired to be done and, mentioned in section 1985 of this title, are about to be committed and having power to prevent or aid in preventing the commission of same, neglects or refuses to do so...." 42 U.S.C. § 1986. A prerequisite for a claim under section 1986 is a cognizable claim under section 1985. *See Thomas v. Roach*, 165 F.3d 137, 147 (2d Cir. 1999); *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994) ("A claim under section 1986 ...

lies only if there is a viable conspiracy claim under section 1985.").

Because his amended allegations are insufficient to state a plausible claim of conspiracy to violate his civil rights, his claims against Danbury Hospital President Doe, Bank of America CEO Monihan, Liberty Mutual CEO Long, Bastone, Daniel Sentementes, and Public Defender Leaf must be dismissed as not plausible; and his claims of conspiracy under 42 U.S.C. §§ 1985 and 1986 must also be dismissed as not plausible.

### E.    Warden Martin

Finally, Sentementes's amended complaint includes allegations concerning constitutional violations by BCC Warden Martin during his incarceration at BCC. Specifically, he alleges that Warden Martin failed to provide him with his clothing prior to voir dire[9] and denied him access to legal materials. ECF No. 19 at 5, 19. In its initial review order, this Court severed Sentementes's Fourteenth Amendment claims concerning his confinement against Warden Martin and instructed Sentementes to pursue these claims in a separate action. ECF No. 18 at 18-20, 26. Accordingly, Sentementes' allegations about Warden Martin are severed and dismissed without prejudice consistent with the prior initial review order. *See* Fed. R. Civ. 21.

### G.    Remaining State Law Claims

The court will not consider the plausibility of Sentementes' remaining state law claims asserting breach of fiduciary duties and intentional infliction of emotional distress because the court has determined that the federal claims raised by the amended complaint must be dismissed.

---

[9] In *Estelle v. Williams,* the United States Supreme Court held that "although the State cannot, consistently with the Fourteenth Amendment, compel an accused to stand trial before a jury while dressed in identifiable prison clothes, the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation." 425 U.S. 501, 512-13 (1976).

Thus, the court declines to exercise supplemental jurisdiction over the state law claims, which must be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3) (if federal court dismisses all federal claims, it may decline to exercise supplemental jurisdiction over supplemental state law claims).

## CONCLUSION

For the foregoing reasons the Complaint is DISMISSED.

Any Fourteenth Amendment claims against Warden Martin are **SEVERED and DISMISSED** without prejudice. *See* Fed. R. Civ. P. 21. The court declines to exercise jurisdiction over Sentementes's state law claims. These claims are dismissed without prejudice.

Because Sentementes has failed to allege any plausible claims after the court afforded him with one opportunity to amend his complaint to correct the deficiencies identified in the initial review order, the court will not provide him further opportunity to file another amended complaint.

The clerk is instructed to close this case.


_____/s/_____
Michael P. Shea
United States District Judge

**SO ORDERED** this 4th day of January 2021, at Hartford, Connecticut.

10